HEIRS ·OF HUERTAS GONZÁLEZ, Plaintiffs and Appellants, *v.* CRISPILIANO ROSARIO ET AL., Defendants and Appellees.

No. 7118. Argued January 21, 1936.—Decided July 14, 1936.

*José C. Jusino* for appellants. *José Ruiz de Val* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

To justify their claim of ouster *(desahucio)* the plaintiff alleged its ownership, described the premises, and set up that defendants were holding the same precariously.

Besides a general demurrer, the defendants claimed title to the land in question by direct inheritance from their father. Giving color to the claim of plaintiff the defendants set up that the alleged title of the plaintiff depended upon an attempted sale in execution of a judgment obtained in a certain proceeding wherein edicts had been published to obtain service on defendants. The answer also set up in effect that although the defendants were actually in material possession of the property at the beginning of the proceed-

ing above mentioned, the plaintiff published edicts against the unknown heirs of the deceased debtor.

Incidentally the alleged sale was made by the marshal of the Municipal Court of Río Piedras and the defendants maintained that he had no jurisdiction to do so. This would depend somewhat on whether the proceeding was to foreclose a mortgage or was a personal action, which we shall examine presently.

The District Court of Bayamón where this unlawful detainer suit was instituted held, that as the plaintiff admitted that the defendants were in possession under a claim of title they were not holding precariously.

 Examining the record it is evident that the action begun in the Municipal Court of Bayamón was not a mortgage foreclosure proceeding despite the mention of a mortgage. A municipal court has no jurisdiction to execute a mortgage. It was a suit to recover money which the complaint recited was secured by a mortgage. The Municipal Court of Bayamón therefore never acquired jurisdiction of the persons of the defendants. There is no question that the alleged title of the plaintiff in this case arose by reason of a sale following the attachment to secure the effectiveness of a judgment.

The appellant insists that the Municipal Court of Bayamón had jurisdiction to render its judgment by reason of the contemporaneous attachment of real property that the appellant made. The judgment in point of fact did not apparently exceed the amount of the value of the property. In other words, the appellant was proceeding *in rem* to obtain a judgment against the appellees. We somewhat question whether the appellant followed the procedure to be had when one is trying to secure a judgment *in rem* and this doubt is increased by the fact that the attachment was nominally one to secure the effectiveness of a judgment.

█ Confessedly, however, the property attached was located, not in the judicial district of Bayamón, but in that

of San Juan and hence there could be no proceeding *in rem* for said property within the judicial district of Bayamón.

 The appellant challenged the right of defendants to attack the sufficiency of the judgment of the Municipal Court of Bayamón in favor of appellant. The latter maintains that such a judgment may not be attacked collaterally. The appellees, more or less on the principle of *debile fundamentum fallit opus,* says that if the said judgment was void for lack of due service, the title of appellant was vitiated. These contentions in themselves raise a sufficient conflict in the title and even if we should be mistaken about the jurisdiction of the Municipal Court of Bayamón, an unlawful detainer proceeding is not the locus to determine such a conflict.

It is unnecessary to consider the claim of homestead.

The judgment should be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.